## BROWN v. SARDINGA.

### No. 16708.

Court of Appeal of Louisiana. Orleans.

Nov. 2, 1937.

Brian & Brian, of New Orleans, for appellant.

Norman R. Tilden, of New Orleans, for appellee.

JANVIER, Judge.

At about 7:30 o'clock p. m. on October 30, 1936, there occurred an automobile collision at the corner of Amelia and Danneel streets in this city. The vehicles involved were a Chevrolet driven by Mrs. Sardinga, defendant, which was proceeding up Danneel street, and a Hudson sedan, which was being driven out Amelia street by Jeffrey Brown. In the Hudson, operated by Brown as a taxicab, were William Drivon and Philip Perrin, passengers.

Mrs. Sardinga was alone in her car. The three persons who occupied the Hudson all filed suits against Mrs. Sardinga, charging that she did not maintain a proper lookout as she approached Amelia street, that she operated her car at too high a rate of speed, and that, after the Hudson, in which the three plaintiffs were riding, had almost crossed the intersection, Mrs. Sardinga's car, at high speed, crashed into the side of the Hudson, knocking it across the remaining portion of Amelia street into the curb, and with such force as to cause it to turn over some 20 or 25 feet from the corner, after its left rear wheel had collapsed as a result of contact with the curb.

Mrs. Sardinga contends that she, with the right-of-way favoring her, approached the intersection at moderate speed and that, just as she had entered it, the Hudson, coming very fast, dashed in front of her, and that its rear end "sideswiped" the front bumper of her car and that, thus, the said Hudson was thrown off balance; that because of this and since its speed was so great, it (the Hudson) continued on its way some 25 feet and then turned over after crashing into the curb on the upper side of Amelia street with such force as to demolish the left rear wheel and to turn it over at a considerable distance from the corner. Mrs. Sardinga filed no reconventional demand, but prayed that her right to present her claim in an independent suit be reserved.

The suits of the three occupants of the Hudson were consolidated for the purpose of trial. In each there was judgment rendered in favor of defendant and each has appealed.

The city traffic ordinance, No. 13,702 C. C. S. does not recognize either of the two streets as being a boulevard or avenue and, therefore, in order to determine which of the two vehicles had the right-of-way, it is necessary that we consider the relative directions from which they approached. The

Chevrolet was coming from the right-hand side of the Hudson and, therefore, it was entitled to proceed, unless it can be shown that the said Hudson had entered the intersection and had pre-empted it. Paragraph (a), section 10, article VI, of the ordinance provides:

"10. Right-Of-Way.

"(a) On all streets, except through streets and boulevards, and at intersections of right-of-way streets with one another, all vehicles approaching intersecting streets from the left shall give right-of-way to vehicles approaching from the right."

The three plaintiffs maintain, however, that the Hudson had not only entered first, but had practically completed the crossing of the intersection when the Chevrolet dashed into it and struck the Hudson at the extreme rear of its right-hand side.

There are certain physical facts which throw on the question considerably more light than can be derived from the testimony of the witnesses. The Chevrolet was admittedly the lighter vehicle and, therefore, if it struck the heavier Hudson on its side with sufficient force to knock that heavy car across 5 or 6 feet of remaining street and into the curb hard enough to completely demolish the left wheel of the Hudson as it struck the curb, the impact must have been tremendous. Yet it is shown without contradiction that the Chevrolet sustained no damage except the loosening of the right side of its front bumper. It is also shown that the Chevrolet stopped almost at the point of impact. If it had struck the Hudson sufficiently hard to knock the latter car across the street sideways, surely it itself would not only have sustained substantial damage, but would have proceeded some distance beyond the point of impact after knocking the Hudson out of its way.

Another very significant fact is that, though the impact was on the right side of the Hudson, very little damage was done to that side. All that can be noticed is that the right rear bumper was drawn further back than it should have been. It was not the right rear wheel which was smashed, but the left. Had the Chevrolet struck at considerable speed, surely the right would have been damaged.

Furthermore it appears that there were skid marks on the surface of the street which the police officers say appeared to them to have been made by the Hudson as its driver attempted to bring it to a stop or to reduce its speed, just before it entered the intersection. If it had approached at the very slow speed attributed to it by its occupants, it is not probable that they would have failed to see the approaching Chevrolet and it is certain that, at this speed, it could have been stopped before entering the intersection, since the driver says that, at the speed at which it was going, he could stop it in about 3 feet. Surely there would have been no skid marks.

The physical facts leave no room for doubt. It is quite obvious that, as Mrs. Sardinga's Chevrolet, favored by the right-of-way, entered the intersection at moderate speed, the Hudson, at considerably greater speed, approached, its driver and occupants entirely unmindful of the presence of the other car, and that, when its driver saw the Chevrolet, he applied his brakes—thus the skid marks—that he realized that he could not stop and therefore increased his speed in an effort to cross ahead of the other car.

The facts very much resemble those which we found in Johnson v. Fabacher, 175 So. 129, in which we held that there was no fault in the driver of a truck, which driver had manipulated that vehicle very much as Mrs. Sardinga operated the Chevrolet here. Under the facts as we gather them from the record, there was no fault whatever in defendant. Accordingly, the judgment appealed from is affirmed at the cost of appellant.

Affirmed.